MIKIE SHERRILL
*Governor*

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 Market Street
Trenton, NJ 08625

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

October 23, 2026

**VIA ECF**
The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: Earle Asphalt Company, Inc., v. New Jersey Turnpike Authority, et al.
No.: 3:26-4860-ZNQ-TJB

Dear Judge Quraishi:

This office represents Intervenor-Defendant, the State of New Jersey, in the above matter. We respectfully write, in accordance with the Court's Judicial Preferences, to request a pre-motion conference to discuss the State's anticipated motion to dismiss.

Plaintiff Earle Asphalt (Earle) brings three claims in its Complaint: Count I, which alleges that the use of "targeted employment goals" in N.J. Admin. Code § 17:27-7.3(a) violates the Equal Protection Clause; Count II, which alleges that the use of project labor agreements (PLAs) in public contracts violates Earle's First Amendment rights to free speech and free association; and Count III, which alleges that the targeted goals in N.J.A.C. § 17:27-7.3(a) impede Earle's ability to make and enforce contracts, require Earle to discriminate on the basis of race, and denies Earle the full and equal benefit of the laws within the meaning of 42 U.S.C. § 1981. *See* ECF No. 1 ¶¶ 85-125.

The State's motion will seek dismissal of Counts I and III for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) for two independent reasons. First, Earle has failed to allege that it has an "injury in fact" sufficient to establish Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation modified). Earle challenges N.J. Admin. Code § 17:27-7.3(a), a New Jersey regulation that establishes

targeted minority and female hiring goals for public construction contractors. ECF No. 1 ¶ 27. Earle alleges injury based on the regulation because failure to meet the targeted goals subjects a contractor to sanctions. *See id.* ¶ 38. But sanctions only flow from state enforcement, and Earle has failed to allege that "the threat of enforcement is imminent." *NSSF v. Att'y Gen. of New Jersey*, 80 F.4th 215, 219 (3d Cir. 2023). Failing to meet the targeted goals does not subject Earle to *any* threat of enforcement, much less an imminent one, because New Jersey law does not mandate compliance with the targeted goals. Instead, public contractors can satisfy their equal employment opportunity obligations by engaging in certain good faith efforts. *See* N.J. Admin. Code § 17:27-7.3(a); *see also* N.J. Admin. Code 17:27-3.8, 17:27-7.4.

Second, the State will move to dismiss Counts I and III for lack of third-party standing because Earle does not allege a violation of its own equal protection rights, but those of its prospective employees. A plaintiff cannot generally "rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). And Earle does not satisfy the exception to this third-party standing rule, *see Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004): there is no " close relationship" between an employer and its employees, *see, e.g., Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 810 (11th Cir. 1993), and Earle has not alleged any "hindrance" to job applicants and employees "advancing their own constitutional rights" against the regulation, *Kowalski*, 543 U.S. at 131. Moreover, although courts are "forgiving" with the third-party standing rule where "enforcement of the challenged restriction against the litigant would result indirectly in the violation of third parties' rights," *id.* at 130, that does not help Earle here because, among other things, Earle does not allege that its interests are aligned with its employees', *see Amato v. Wilentz*, 952 F.2d 742, 750 (3d Cir. 1991), and it would not be more efficient to resolve Earle's suit than wait for employees to bring their own challenge, *see Craig v. Boren*, 429 U.S. 190, 194 (1976).[1]

The State's motion will also seek dismissal of Count II—Earle's challenge to the PLA Act—under Rules 12(b)(1) and 12(b)(6) for several reasons, many of which the Court already considered in denying Earle's preliminary injunction motion. As a threshold matter, Earle lacks Article III standing to seek prospective injunctive relief on its PLA claim because it has not alleged an imminent injury. *See Earle Asphalt Co., Inc. v. New Jersey Turnkpike Auth.*, No. 26-4860 (ZNQ) (TJB), 2026 WL 2858689, at *4-*5 (D.N.J. Sept. 23, 2026).

Count II also fails on the merits, as the Court preliminarily found. *See id.* at *5.

[1] All Defendants are expected to join the State's motion to dismiss Counts I and III.

As to Earle's compelled speech claim, the PLA statute does not compel it to do anything at all. Earle can voluntarily "choose to participate" in a public works contracting process that involves a PLA requirement, or "forego the benefit" of a government contract. *Bristol Myers Squibb Co. v. Sec'y of Health & Human Servs.*, 155 F.4th 245, 266-67 (3d Cir. 2025). Moreover, to the extent Earle claims that a requirement to bargain with or recognize a union unconstitutionally compels speech, it is wrong—such a requirement "permissibly regulates conduct" rather than compelling speech. *Id.* at 263.

Earle's compelled association claim should likewise be dismissed. As the Court found in its PI decision, Earle has failed to demonstrate that it engages in expressive association, *Earle Asphalt Co.*, 2026 WL 2858689, at *6, so it cannot invoke the First Amendment right to expressive association. *See Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000). Moreover, if Earle became a winning bidder on a contract with a PLA requirement, the PLA would require Earle to "associate" with unions "only in the sense that [it] interact[s] with them." *Associated Builders & Contractors Florida First Coast Chapter v. Gen. Servs. Admin.*, 174 F.4th 26, 40 (11th Cir. 2026) (quotation omitted). That sort of required commercial conduct does not implicate any constitutional concerns. Finally, the statute survives strict scrutiny, as Earle has not alleged that New Jersey can achieve its compelling interests to the same degree by some other means that is "significantly less restrictive of associational freedoms". *Dale*, 530 U.S. at 640-41.[2]

Thank you for your consideration of this matter.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Kristin L. Vassallo
Kristin L. Vassallo
Assistant Attorney General

cc: All counsel of record (By ECF)

---

[2] Defendant New Jersey Turnpike Authority is expected to join the State's motion to dismiss Count II.